UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICO DANCY, | ) | CASE NO. 1:14 CV 0877 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Rico Dancy filed the above-captioned action against the City of Cleveland and Cassandra Bledsoe. Mr. Dancy alleges his personal property was willfully destroyed by the defendants, who refuse to pay him for the damage. He seeks unspecified compensatory damages. For the reasons that follow, the action is dismissed.

*Background*

The relevant facts are scant. Mr. Dancy alleges the Cleveland Police asked him to interpret the sign language gestures of his friend. When he refused, "the Cleveland Police Department" allegedly removed a hearing aid from Mr. Dancy's ear, stomped on it and exclaimed, "Oops!"

Plaintiff attaches a letter, dated February 1, 2011, addressed to him on letterhead from the Cleveland Department of Public Safety and signed by Ms. Bledsoe. (Doc. No. 4 at 2.) The letter is

in response to a "complaint" he filed with the City alleging an incident involving police misconduct.[1] The incident occurred on January 28, 2011, when Mr. Dancy claimed the Cleveland police broke his $6000 hearing aid while he was with friends at Tower City. Ms. Bledsoe requested the name of plaintiff's advocate at the Cleveland Hearing and Speech Center, witness names and contact information and a photograph or physical evidence of the damaged hearing aid. Mr. Dancy does not allege he provided any of the information that was requested or whether he further pursued the matter with the City.

Also attached to the complaint, is a January 16, 2014 letter from State Representative Bill Patmon to Cleveland City Hall Claims Examiner Alexis Jones. Representative Patmon explains he was contacted by Mr. Dancy regarding an incident with the police and asks Ms. Jones to "let me know what your office has done to address his concerns." (Doc. No. 4 at 1.) Again, Mr. Dancy does not state whether a response was received or whether what formal inquiries he pursued to address his concerns.

Mr. Dancy now states Ms. Bledsoe allegedly advised him that the police "can do whatever they want regarding the deaf and blind." (Doc. No. 1.) Ultimately, he claims the defendants refused to pay him for the hearing aid.

A copy of a "Stalking Civil Protection Order" Ms. Bledsoe filed against Mr. Dancy on April 10, 2014, is also attached to his Complaint. *See Bledsoe v. Dancy*, No. 14cv825156 (Ct. Com. Pl. Cuyahoga Ct.)(Mason, J.)[2] After a full hearing on May 1, 2014, Judge Mason granted Ms. Bledsoe's

---

[1] It appears Mr. Dancy initiated an administrative action when he complained to the City because Ms. Bledsoe's identifies his case as "REF: OPS11-041."

[2] An indictment was also issued on June 12, 2014, charging Mr. Dancy with menacing by
(continued...)

petition for Civil Stalking Protection Order. Mr. Dancy was served by the Sheriff in open court. The terms of the Order expire on May 1, 2019.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it fails to state a claim. An action is subject to dismissal if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

*Jurisdiction*

Before addressing the merits of any action, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the case. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431(2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999).

---

[2](...continued)
stalking and telecommunications harassment. *See State of Ohio v. Dancy*, No. CR-14-584172-A (Ct. Com. Pl. Cuyahoga County). A capias was issued and sent to the Sheriff for Mr. Dancy on June 26, 2014.

Mr. Dancy does not include any jurisdictional basis for filing this action in federal court. Even liberally construing this *pro se* complaint as a civil rights suit against a municipality for damages resulting from its alleged destruction of his personal property does not insulate the case from summary dismissal.

*Civil Rights Violation*

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States. *Baker*, 443 U.S. at 140.

Mr. Dancy does not identify any constitutional violation in his complaint. Without advancing any argument that the damage to his personal property implicated a violation of his rights under the Constitution, this Court cannot otherwise assume subject matter over his complaint.³

---

³Without suggesting plaintiff has any valid federal claim, the Court notes that even if this were a claim under the Takings Clause of the Fifth Amendment it would be unripe. A takings claim is only ripe for review if a property owner is first denied just compensation. *Williamson County v. Hamilton Bank*, 473 U.S. 172, 194(1985)("Because the Fifth Amendment proscribes
(continued...)

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Finally, legal conclusions are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). A plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mr. Dancy has not met his obligation to set forth a valid federal claim and, thus, the Court cannot assume subject matter jurisdiction.

---

[3](...continued)
takings without just compensation, no constitutional violation occurs until just compensation has been denied."); *Waste Mgmt. v. Metropolitan Gov't*, 130 F.3d 731, 739 (6th Cir.1997). Accordingly, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause *until it has used the procedure and been denied just compensation.*" *Coles v. Granville*, 448 F.3d 853, 861 (6th Cir.2006) (quoting *Williamson*, 473 U.S. at 195, 105 S.Ct. 3108)(emphasis added). Thus, in order for a plaintiff to bring a takings claim in federal court, he or she must first pursue available remedies in state court.

*Conclusion*

Based on the foregoing, the Motion for Appointment of Counsel and an Interpreter is denied as moot (Doc. No. 3), the Motion to Proced *In Forma Pauperis* (Doc. No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims he may pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 7/10/14*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."